UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>Petitioner,<br><br>v.<br><br>SUPREME COURT JUDGES, et. al,<br><br>Respondents. | No. 2:21-cv-01649 JAM GGH P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend summary dismissal of the pending petition.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

The pending petition seeks to challenge a denial for early release pursuant to California's Proposition 57 by the Board of Prison Hearings ("BPH"). ECF No. 1 at 2. Petitioner alleges a

Fifth Amendment violation for Double Jeopardy and an Eighth Amendment violation for Cruel and Unusual Punishment based on petitioner's denial for early release. Petitioner alleges his denial for early release was discriminatory based on being a Cal. Pen. Code § 290 registrant and therefore constitutes cruel and unusual punishment. Id. at 3-4; 6.

Proposition 57 amended Article, Section 32 to the California Constitution which provides, in pertinent part, Section 32. Public Safety and Rehabilitation Act of 2016:

> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for *parole consideration* after completing the full term for his or her primary offense.

Cal. Const. art. 1, § 32 (emphasis added). Specifically, Proposition 57 provides eligible inmates for early *consideration* for parole *but not* actual parole or early release.

A federal court may not entertain a petition for writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court unless the petition has been brought "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The "core of habeas corpus" is an "attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and *seeks either immediate release from that confinement or the shortening of its duration*." Id. at 489 (emphasis added). Here, petitioner requests that this court grant his immediate release from prison pursuant to Proposition 57. However, Proposition 57 does not require an eligible inmate's mandatory release from prison – it only provides a parole consideration hearing. Consequently, the relief petitioner seeks by way of this habeas petition "would not necessarily lead to immediate or speedier release" from custody. See Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016).

Although the success of petitioner's claims would "not necessarily lead to his immediate or earlier release from confinement" and accordingly does not "fall within the core of habeas

2

corpus," petitioner may be able to set forth civil rights claims pursuant to 42 U.S.C. § 1983. Nettles, 830 F.3d at 935 (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011))(internal quotations omitted). Here, the court does not find it is appropriate to construe the habeas action to a 42 U.S.C. § 1983 complaint as it presently does not name a proper defendant or state a cognizable claim under Section 1983. See Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir. 1991) (Judges performing within the course and scope of their judicial duties are granted absolute immunity); Brown v. California Dep't of Corr., 554 F.3d 747, 751 (9th Cir. 2009) ("[P]arole board members are entitled to absolute immunity for parole board decisions.") See also Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") Accordingly, the undersigned will decline to provide petitioner an opportunity to amend the petition into a Section 1983 complaint.

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.

Therefore, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written

////

////

////

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: October 21, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE